IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, LOCAL 3112 and JACK BENSON, | )<br>)<br>) |
| Plaintiffs, | ) |
| vs. | ) Case No. 06-0301-CV-W-ODS |
| THE CITY OF HARRISONVILLE, MISSOURI, and DIANNA WRIGHT, | )<br>) |
| Defendants. | ) |

## ORDER AND OPINION GRANTING DEFENDANTS' MOTION TO DISMISS COUNT I FOR FAILURE TO STATE A CLAIM AND DISMISSING COUNTS II AND III WITHOUT PREJUDICE FOR LACK OF JURISDICTION

According to the Complaint, the Plaintiffs are a (1) a labor union that represents certain firefighters and paramedics employed by the City of Harrisonville, Missouri ("the City"), and (2) the union's president. The Defendants are the City and the City Administrator. Plaintiff's allege that separate committees of the City and the Central Cass Fire Protection District ("FPD") have had five meetings to discuss the possible merger of the FPD into the City's Fire Department. The meetings were not open to the public, no minutes were taken, and no votes were recorded. Members of the press were invited to two of the meetings.

Counts II and III assert claims under the Missouri Sunshine Law and the Missouri Public Sector Labor Law. Count I asserts various federal claims over which the Court has original jurisdiction. The Court has only supplemental jurisdiction over Counts II and III.

Defendants assert a variety of arguments in favor of dismissing this case, but the Court will address only Count I. Count I alleges Plaintiffs have been excluded from these meetings based on their viewpoint in violation of their First Amendment rights. Plaintiffs further allege Defendants' actions impose unconstitutional conditions on their access to public meetings and infringed on their right to freedom of association. Fatal to

the claim of discrimination is Plaintiffs' failure to allege that other citizens were permitted to attend these meetings.  In fact, Plaintiffs scrupulously avoid making this allegation, which would be contradicted in any event by their allegation that the press was invited to and permitted to attend some, but not all, of the meetings: if the meetings were open to the public, there would have been no need to invite the press or ability to prohibit their presence.  Plaintiffs essentially argue these meetings should have been open, but this contention depends entirely on state law.  Nothing in the Constitution requires local governmental entities to allow members of the public to attend meetings.  Defendants' actions in closing the meetings may have violated state law, but those actions could not violate federal law.  Regardless of whether state law required the meetings to be open, the fact is *nobody* from the public was permitted to attend.  Thus, Plaintiffs were treated the same as any other citizen and their claim of discrimination is defeated by their own allegations, and their only recourse lies in state law.

It is this critical factor – the lack of different treatment – that differentiates this case from those Plaintiffs rely upon.  For instance, in Cuffley v. Mickes, the Eighth Circuit held the state could not exclude the KKK from participating in the state's Adopt-a-Highway program based solely on the KKK's viewpoint and speech.  208 F.3d 702, 707-08 (8th Cir. 2000), cert. denied, 532 U.S. 903 (2001).  However, the program was generally open to members of the public.  In the absence of a program open to the public but denied to it, the KKK could not have had a claim of viewpoint discrimination.  Plaintiffs emphasize language from the opinion (and from other opinions) making it clear that one need not have a legally enforceable right in order to claim the denial is discriminatory.  While true, this argument misses the mark: what is necessary – but missing in this case – is differing treatment.  Plaintiffs also contend the meetings should have been open to the public.  This may be (depending on the requirements of state law), but it does not suggest Plaintiffs were treated differently than all other citizens who were not allowed to attend the meetings.

Absent an allegation Plaintiffs were barred from meetings that were *actually* open to the public – as opposed to meetings they allege *should have been* open to the public – the Complaint fails to state a claim of discrimination.  Count I must be dismissed for

2

failure to state a claim. Pursuant to 28 U.S.C. § 1367(c)(3), Counts II and III are dismissed without prejudice to being refiled in state court.

IT IS SO ORDERED.

DATE: July 19, 2006

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT